UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN   HUERTA   and   ROBERT
STEPHENSON,

     Plaintiffs,                   CASE NO.:

vs.

JEFFRY   KNIGHT,   INC.   D/B/A
KNIGHT ENTERPRISES, a Florida
Corporation,

     Defendant.                /

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiffs,   JOHN   HUERTA   and   ROBERT   STEPHENSON ("Plaintiffs"), were employee of Defendant, JEFFRY KNIGHT, INC. D/B/A KNIGHT ENTERPRISES, a Florida Corporation ("Defendant"), and, by and through  undersigned  counsel,  bring  this  action  for  unpaid  overtime compensation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

I. NATURE OF SUIT

The  FLSA  was  passed  by  Congress  in  1938.   The  principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of

living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).   The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1.     This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

II. PARTIES

2.     Plaintiffs were cable technicians and performed related activities for Defendant in Winter Haven, Florida (Polk County).

3.     Defendant, JEFFRY   KNIGHT,   INC.   D/B/A   KNIGHT ENTERPRISES, has its headquarters in Clearwater Florida (Pinellas County), therefore venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

III. JURISDICTION

4.     This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1337 and the FLSA.

5.     The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

IV. COVERAGE

6.     The Defendants are a corporation formed and existing under the laws of the State of Florida and at all times (2011-2014), during Plaintiff's employment, was an employer as defined by 29 U.S.C. §203.

7.     Plaintiff was an employee of Defendants and was, at all times relevant to the violations of the FLSA (2011-2014), engaged in commerce as defined by 29 U.S.C. §§206(a) and 207(a)(1).

8.     At all material times relevant to this action (2011-2014), the Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

9.     At all material times relevant to this action (2011-2014), the Defendants made gross earnings of at least $500,000 annually.

10.     At all material times relevant to this action (2011-2014), the Defendants had two (2) or more employees engaged in interstate commerce, producing goods for interstate commerce, or handling, selling or otherwise

working on goods or materials that have been moved in or produced for such commerce. (i.e. Internet, telephone, digital video, remote monitoring as well as other new technologies)

11.    At all material times relevant to this action (2011-2014), Plaintiff was individually engaged in interstate commerce during their employment with Defendants, by accepting payments from customers based on credit cards issued by out of state banks, making and answering phone calls, and working with products from out of state.

12.    At all material times relevant to this action (2011-2014), Defendants had two (2) or more employees routinely ordering materials or supplies from out of state vendors, and sold to out of state customers.

13.    At all material times relevant to this action (2011-2014), the Defendants have been an enterprise involved in interstate commerce by accepting payments from customers based on credit cards issued by out of state banks.

14.    At all material times relevant to this action (2011-2014), the Defendants also used the telephone or computers to place and accept business calls.

V. FACTUAL ALLEGATIONS

15.    Defendant provides cable installation and repair services to cable providers.

16.    Defendant purports to contract with individuals to perform installation, repair, construction and supervisory work associated with monitoring the quality of those services.

17.    Defendant purports to call these individuals "independent contractors," not employees, thereby avoiding any obligation to pay payroll taxes, workers' compensation insurance, health insurance, unemployment insurance, overtime, and other such benefits.

18.    These so-called independent contractors are required to show up at a specific time in the morning, and at such location are handed out specific orders with instructions as to specific work which must be done by that day or within a matter of hours, and each contractor is provided with specification books as to how each such installation, repair, or construction work is to be performed.

19.    All of the telecommunications equipment used by the contractors plaintiffs must be picked up from a facility on Defendant's property where Defendant informs each contractor of the amount of equipment needed to perform the jobs for that day.

20.    Plaintiffs work well over forty (40) hours per week. Typically, the plaintiffs work(ed) between sixty (60) and seventy (70) hours per week without overtime compensation.

21.  There is virtually no opportunity for the plaintiffs contractors to work for any other cable companies or to perform any other telecommunications work while working as contractors for Defendant.

22.  Further, if Defendant or its cable providers are unsatisfied with work performed by plaintiffs contractors, Defendant requires such contractors to go out and correct any deficiency, and to make an repairs and on such occasions, while the plaintiff contractors are not paid for their time working to correct such problems.

23.  Plaintiffs worked as cable technicians / installers for the Defendant.

24.  Plaintiff, JOHN HUERTA, worked in this capacity from approximately October 2012 through May 2013.

25.  Plaintiff, ROBERT STEPHENSON, worked in this capacity from approximately August 2012 through May 27, 2013.

26.  Plaintiffs were paid a "piece rate" salary in exchange for work performed.

27.  Specifically, Plaintiffs' wages were based on the job performed, not the amount of hours worked whether Plaintiffs worked more or less than forty hours.

28.  Plaintiffs routinely worked in excess of forty (40) hours per week as part of their regular job duties.

29.     Despite working more than forty (40) hours per week, Defendant failed to pay Plaintiffs overtime compensation at a rate of time and a half their regular rate of pay for hours worked over forty in a workweek.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

30.     Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-29 above.

31.     Plaintiffs are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

32.     During their employment with Defendant, Plaintiffs regularly worked overtime hours but were not paid time and one half compensation for the same.

33.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages plus incurring reasonable attorneys' fees and costs.

34.     As a result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages.

35.     Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs demand judgment against Defendant for:

a) The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate him/them;

b) Liquidated damages;

c) Reasonable attorneys' fees and costs incurred in this action;

d) Pre- and post-judgment interest as provided by law;

e) Trial by jury on all issues so triable;

f) Any and all further relief that this Court determines to be appropriate.

Dated this _30_ day of June, 2014

Respectfully submitted,

Carlos V. Leach, Esquire
FBN 0540021
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3341
Email: CLeach@forthepeople.com
*Attorneys for Plaintiff*